**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR A. DURAN, AKA Almicar Duran, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71785 Agency No. A094-450-625 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Edgar A. Duran, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"), and the BIA's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying his motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th

Cir. 2008), except to the extent that deference is owed to the BIA's interpretation

of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535

(9th Cir. 2004).  We review for substantial evidence the agency's factual findings.

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We review for an

abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi v. Holder*,

597 F.3d 983, 986 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's determination that Duran failed

to establish that any harm he experienced or fears in El Salvador was or would be

on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th

Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals

motivated by theft or random violence by gang members bears no nexus to a

protected ground.").  The agency did not err in finding that Duran failed to

establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular

group, "[t]he applicant must 'establish that the group is (1) composed of members

who share a common immutable characteristic, (2) defined with particularity, and

(3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding "young men in El Salvador resisting gang violence" not defined with particularity), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).  Thus, Duran's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Duran failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Duran's motion to reopen where he failed to establish prima facie eligibility for relief.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

In light of this disposition, we need not reach Duran's remaining contentions.  *See Simeonov*, 371 F.3d at 538 ("As a general rule courts and

18-71785

agencies are not required to decide issues unnecessary to the results they reach."

(citation omitted)).

**PETITION FOR REVIEW DENIED.**